[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16448
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00309-SCJ-GGB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMS GUTIERREZ-VENEGAS,
a.k.a. Jimmys Banegas Gutierrez,
a.k.a. Jimmez Hernandez-Venegas,
a.k.a. Jimmy Hernandez-Venegas,
a.k.a. Jimmes Hernandez-Venegas,
a.k.a. Jaime Hernandez,
a.k.a. Jimmy Hernandez,
a.k.a. Jimmy Hernandez Gutierrez-Banegas,
a.k.a. Jimis Hernandez-Banegas,
a.k.a. David Hector,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 15, 2013)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Jimms Gutierrez-Venegas appeals his 46-month sentence for illegal re-entry of a previously removed alien, in violation of 8 U.S.C. § 1326(a), (b)(2). Gutierrez argues that his sentence, at the low end of the advisory guidelines range, is substantively unreasonable. After review, we affirm.

We review the reasonableness of a sentence under the deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). In reviewing for reasonableness, we first consider whether the district court committed any significant procedural error and then whether the sentence is substantively unreasonable under the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[1]

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

2

The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The weight to be given any specific § 3553(a) factor is committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). We ordinarily expect a sentence within the guidelines range to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence bears the burden of proving that the sentence is unreasonable. Id. A sentence well below the statutory maximum is another indicator of a reasonable sentence. United States v. Haile, 685 F.3d 1211, 1223-24 (11th Cir.), cert. denied, 133 S. Ct. 1723 (2012).

Gutierrez has not shown that his 46-month sentence is substantively unreasonable.[2] Gutierrez's sentence is at the low end of the applicable guideline range of 46 to 57 months' imprisonment and is well below the twenty-year statutory maximum penalty for Gutierrez's offense. Moreover, the 46-month sentence is supported by the § 3553(a) factors. Gutierrez already has been removed from the United States twelve times, and the district court was troubled by his recidivism. The district court also emphasized Gutierrez's extensive criminal history in the United States, which includes felony convictions for

---

[2]Gutierrez does not argue that the sentence is procedurally unreasonable.

distribution of a controlled substance, robbery and burglary, and theft by receiving stolen property.  The district court properly considered Gutierrez's prior convictions and history of deportations, which relate to the need to promote respect for the law, deter future criminal conduct, and protect the public.  See 18 U.S.C. § 3553(a)(2).

Although Gutierrez contends otherwise, the district court did not focus solely on Gutierrez's criminal history and deportations to the exclusion of other information relevant to the § 3553(a) factors.  The record shows that the district court gave due consideration to Gutierrez's personal history and characteristics, including his difficult childhood, his unusual journey to the United States as an adolescent, and his reasons to stay in Honduras after he serves his federal sentence. These facts were recounted in detail in the presentence investigation report and the defendant's sentencing memorandum and then were discussed by the parties during the sentencing hearing.  The district court considered Gutierrez's arguments in mitigation and concluded that they did not warrant a sentence below the advisory guidelines range.

Under the totality of the circumstances, we cannot say the district court abused its discretion in imposing a 46-month sentence.

**AFFIRMED.**